| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:14-CR-84 |
| | § | |
| RAYMOND GAJEWSKI | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Raymond Gajewski's ("Gajewski") *pro se* Motion for Compassionate Release and Home Confinement Pilot Program (#66), wherein he seeks compassionate release or home confinement under the First Step Act of 2018 ("FSA"). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be DENIED.

I.  Background

On December 4, 2014, Gajewski pleaded guilty to Possession of Materials Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B). On May 14, 2015, United States District Court Judge Ron Clark sentenced Gajewski to 87 months' imprisonment, followed by a 5-year term of supervised release, and ordered him to pay $7,000.00 in restitution. On January 4, 2019, Gajewski filed his first Motion for Compassionate Release (#64). The court issued a Memorandum and Order (#65) denying Gajewski's motion because he had not exhausted his administrative remedies or shown that extraordinary and compelling reasons existed for granting the motion. On February 18, 2020, Gajewski filed the instant motion seeking companionate release or, alternatively, home confinement under the FSA.

II. Analysis

   A. Home Confinement—First Step Act

The FSA re-established and expanded a pilot program under the Second Chance Act to place elderly and terminally ill inmates in home confinement. 34 U.S.C. § 60541(g). Pursuant to the Elderly Offender Home Detention Program ("EOHDP"), the Attorney General "shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Federal Bureau of Prisons [("BOP")] facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A). In addition, "the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from [BOP] facilities to home detention, upon written request from either the [BOP] or an eligible elderly offender or eligible terminally ill offender." *Id*. § 60541(g)(1)(B). In order to qualify for the pilot EOHDP, the elderly offender must (1) be "not less than 60 years of age"; (2) not have a conviction for a crime of violence or sex offense; (3) have "served 2/3 of the term of imprisonment to which the offender was sentenced"; (4) "not escaped, or attempted to escape, from a Bureau of Prisons institution"; (5) save the BOP money through his home detention; and (6) receive a determination by the BOP that he will "be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention." *Id*. § 60541(g)(5)(A).

Gajewski asserts that he is eligible for home confinement under the EOHDP because he is currently 72 years old, has served at least 66% of his total sentence, was never convicted of a crime of violence or sex offense, and has not attempted to escape. Absent from his motion, however, is any assurance that the BOP has determined, "in [its] sole discretion," that Gajewski

does not have "a history of violence, or of engaging in conduct constituting a sex offense," that Gajewski is "at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention," or that Gajewski's release to home detention "will result in a substantial net reduction of costs to the Federal Government," as required by § 60541(g)(5)(A). The term "sex offense" is defined in 34 U.S.C. § 20911(5)(A). The section explicitly references offenses under chapter 110 of title 18 other than §§ 2257, 2257A, and 2258. Gajewski pleaded guilty to Possession of Materials Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B), which is listed within chapter 110, and, thus, constitutes a sex offense. Moreover, 18 U.S.C. § 3156, entitled Release and Detention Pending Judicial Proceedings, defines the term "crime of violence" to include any felony under chapter 110. Therefore, this particular offense is not only a sex offense but is also a crime of violence, both of which disqualify Gajewski for relief under the EOHDP. In addition, Gajewski's past offense—Possession of Material Involving the Sexual Exploitation of Minors—is the type of crime which can readily be committed by a person over the age of 65 while on home detention. Consequently, Gajewski has not shown that he meets the criteria for early release to home confinement pursuant to the EOHDP.

Further, the BOP is responsible for determining a prisoner's place of incarceration based on several statutory factors, including any recommendation by the sentencing court. *See* 18 U.S.C. § 3621(b). Although a sentencing court is permitted to make a recommendation concerning the type of penal or correctional facility, the court is of the opinion that a determination of if and when a prisoner should be allowed to serve the remainder of his sentence on home confinement is best left to the discretion, experience, and expertise of the BOP. *See, e.g.*,

3

*McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *United States v. Yates*, No. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019) ("[I]t is BOP—not the courts—who decides whether home detention is appropriate."); *United States v. Gould*, No. 7:05-CR-020-O, 2018 WL 3956941, at *1 (N.D. Tex. Jan. 17, 2018) ("[T]he BOP is in the best position to determine whether RRC/halfway house placement would be of benefit to [the defendant] and to society in general."); *Creager v. Chapman*, No. 4:09-cv-713, 2010 WL 1062619, at *3 (N.D. Tex. Mar. 22, 2010) (stating that "nothing in the Second Chance Act of 2007, or 18 U.S.C. § 3621(b) entitles . . . any prisoner to placement in a residential reentry center"); *see also Grover v. Kallis*, No. 18-CV-1259, 2019 WL 113866, at *3 (C.D. Ill. Jan. 4, 2019). Morever, the EOHDP grants discretion to release a prisoner to home confinement solely to the Attorney General. 34 U.S.C. § 60541(g)(1)(B) ("[T]he Attorney General *may* release some or all eligible elderly offenders . . . to home detention." (emphasis added)); *see Austin v. Woods*, No. 2:19-CV-7-WHA, 2019 WL 2417654, at *4 (M.D. Ala. May 17, 2019) ("The FSA does not mandate that the BOP place prisoners on home confinement when they meet the age and other attendant restrictions for such placement; instead, it merely provides the BOP with discretion to do so."); *Melot v. Bergami*, No. EP-19-CV-104-PRM, 2019 WL 1793361, at *3 (W.D. Tex. Apr. 23, 2019); *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019).

Thus, the court is of the opinion that a release to home detention is inappropriate under the circumstances and declines to issue another judicial recommendation as to Gajewski's place of

confinement. Furthermore, Gajewski's compassionate release request is denied for the reasons set forth in the court's April 17, 2019, Memorandum and Order (#65).

III. Conclusion

Consistent with the foregoing analysis, Gajewski's Motion for Compassionate Release and Home Confinement Pilot Program (#66) is DENIED.

SIGNED at Beaumont, Texas, this 4th day of March, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE